UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY A. DETZLER,

      Plaintiff,

                                  Case No. 12-14133

v.

                                  Hon. Patrick J. Duggan

COMMISSIONER OF SOCIAL
SECURITY,                      Magistrate Judge Mona K. Mazjoub

      Defendant.

_____/

## OPINION AND ORDER

Plaintiff filed a Title II application for a period of disability and disability insurance benefits as well as a Title XVI application for supplemental security income on July 22, 2009 alleging that she became disabled on July 21, 2009 due to bipolar disorder and post-traumatic stress disorder. The Social Security Administration denied Plaintiff's applications for benefits initially on September 17, 2009. Upon Plaintiff's request, Administrative Law Judge Peter N. Dowd ("ALJ") conducted a *de novo* hearing on February 18, 2011. The ALJ issued a decision on April 11, 2011, finding Plaintiff not disabled within the meaning of the Social Security Act and therefore not entitled to benefits. The ALJ's decision became the final decision of the Social Security Commissioner ("Commissioner") on June 14, 2012, when the Social Security Appeals Council denied review.

Plaintiff initiated the instant suit seeking judicial review of the Commissioner's unfavorable decision on September 18, 2012.

Both parties filed motions for summary judgment, which this Court referred to Magistrate Judge Mona K. Majzoub for all pretrial matters proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a report and recommendation ("R&R") on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). On Septmber 30, 2013, Magistrate Judge Majzoub filed her R&R recommending that this Court deny Plaintiff's Motion for Summary Judgment and grant Defendant's Motion. At the conclusion of the R&R, Magistrate Judge Majzoub advises the parties that they may object to and seek review of the R&R within fourteen days of service upon them. Plaintiff filed objections to the R&R on October 14, 2013.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g):

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action . . . The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. The findings of the Commissioner of Social Security as to any fact, if supported by *substantial evidence*, shall be conclusive . . .

42 U.S.C. § 405(g) (emphasis added); *see also Boyes v. Sec'y of Health & Human*

*Servs.*, 46 F.3d 510, 511-512 (6th Cir. 1994).  Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are to review the entire administrative record to determine whether the ALJ's decision is supported by substantial evidence, but may "not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ." *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)).  Thus, so long as the Commissioner's decision is supported by substantial evidence, it must be upheld even if substantial evidence exists in the record that might support an opposite conclusion. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).  However, where the ALJ failed to follow the Social Security Act's procedural regulations, the ALJ's decision must be reversed even if the decision is supported by substantial evidence. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

The Court reviews *de novo* the parts of an R&R to which a party objects. *See* Fed. R. Civ. P. 72(b); *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich.

2001).  However, the Court "is not required to articulate all the reasons it rejects a party's objections."  *Id.*

## ANALYSIS

Under the authority of the Social Security Act, the Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled.  20 C.F.R. § 404.1520(a)(4).  If an ALJ determines that the claimant is or is not disabled at a step of the evaluation process, the evaluation does not proceed to the next step.  *Id.*  However, if the ALJ does not find that the claimant is disabled or not disabled at a step, the ALJ must proceed to the next step.  *Id.*  "The burden of proof is on the claimant through the first four steps . . . If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the [defendant]."  *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987).

The ALJ's five-step process is as follows:

1. At the first step, the ALJ considers whether the claimant is currently engaged in substantial gainful activity.[1]  20 C.F.R. § 404.1520(a)(4)(i).

2. At the second step, the ALJ considers whether the claimant has a severe medically determinable physical or mental impairment that meets the

---

[1] The ALJ concluded that Plaintiff had not engaged in substantial gainful activity since July 21, 2009, the alleged onset date of Plaintiff's disability.  (ECF No. 10-2 at Pg ID 65.)

duration requirement of the regulations and which significantly limits the claimant's ability to do basic work activities.[2]  20 C.F.R. §§ 404.1520(a)(4)(ii) and (c).

3. At the third step, the ALJ again considers the medical severity of the claimant's impairment to determine whether the impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. § 404.1520(a)(4)(iii).  If the claimant's impairment meets any Listing, he or she is determined to be disabled regardless of other factors.[3]  *Id.*

4. At the fourth step, the ALJ assesses the claimant's residual functional capacity and past relevant work to determine whether the claimant can perform his or her past relevant work.[4]  20 C.F.R. § 404.1520(a)(4)(iv).

---

[2] The ALJ concluded that Plaintiff has the following severe impairments: bipolar disorder with post-traumatic stress disorder.  (ECF No. 10-2 at Pg ID 66.)

[3] The ALJ analyzed whether Plaintiff's impairments met any of the listed impairments and determined that they did not.  (ECF No. 10-2 at Pg ID 67-69.)  In reaching this conclusion, the ALJ determined that Plaintiff did not satisfy the "paragraph B" criteria or the "paragraph C" criteria.  (*Id.*)

[4] The ALJ found that Plaintiff "has the maximal physical residual functional capacity (RFC) to perform a full range of work activities at all exertional levels, but with the following nonexertional limitations: the claimant is mentally limited to simple, routine and repetitive work activities performed in a stable work environment; and the claimant can mentally maximally tolerate superficial contact with supervisors and coworkers, but should not work with the general public." (ECF No. 10-2 at Pg ID 69.)  Based on this RFC, the ALJ concluded that Plaintiff is able to perform her past relevant work as a cleaner because such work "does not require the performance of work-related activities precluded by the claimant's residual functional capacity.  (*Id.* at Pg ID 72.)  Because the ALJ determined that Plaintiff could perform her past relevant work, the ALJ concluded that Plaintiff has not been under a disability from July 21, 2009 through the date of his decision (April 11, 2011).  (*Id.* at Pg ID 73.)  Magistrate Judge Mazjoub found substantial evidence in the record to support the ALJ's determination.  (R&R 15.)

5. At the fifth step, the ALJ considers the claimant's residual functional capacity, age, education, and past work experience to see if he can do other work. 20 C.F.R. § 404.1420(a)(4)(v). If there is no such work that the claimant can perform, the ALJ must find that he or she is disabled.[5] *Id*.

Plaintiff raises two general arguments in support of her objections. First, she claims that the ALJ failed to give proper weight to the medical evidence and opinions of record. Second, Plaintiff contends that the ALJ failed to create an accurate RFC assessment.

Objection #1:

Plaintiff asserts that the ALJ and Magistrate Judge Majzoub failed to give proper weight to the opinions of Plaintiff's treating medical sources and the opinions of record. These medical sources and opinions refer to that of Dr. Tadeo and Nurse Practitioner Sweet, both of whom Plaintiff classifies as treating medical providers, as well as the opinion of the consultative examiner, Dr. Brady, who met with and examined Plaintiff at the request of the Social Security Administration. Specifically, Plaintiff argues that the ALJ failed to build a "logical bridge" between the evidence submitted by the aforementioned medical sources and his ultimate conclusion thus mandating that the ALJ's decision be overturned. (Pl.'s Obj. 2

---

[5] The ALJ's determination at step four – that Plaintiff retained the residual functional capacity to perform her past work as a cleaner and was therefore not disabled within the meaning of the Social Security Act – precluded the necessity of moving on to step five. *See* 20 C.F.R. § 404.1520(a)(4) (explaining that if an ALJ determines that a claimant is or is not disabled at a step of the evaluation process, the evaluation does not proceed to the next step).

(citing *Hall v. Comm'r of Soc. Sec.*, No. 8-CV-13330, 2009 U.S. Dist. LEXIS 82445 (E.D. Mich. Aug. 13, 2009) (unpublished).)  Plaintiff also charges the ALJ with engaging in improper "pick[ing] and choos[ing]" of the medical records in order to gather supporting evidence for his decision to deny benefits while "disregarding other aspects of the same report."  (*Id.* at 5.)

As Magistrate Judge Majzoub explained in the R&R, an "ALJ must give a treating physician's opinion complete deference if it is supported by clinical and laboratory diagnostic evidence and is not inconsistent with the other substantial evidence in the record."  (R&R 10 (citing 20 C.F.R. § 404.1527(c)(2).)  Further, "[i]f the opinion of a treating source is not afforded controlling weight, an ALJ must apply certain factors in determining what weight to give the opinion, including the length of the treatment relationship and frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source."  (*Id.* at 11 (citing *Wilson v. Comm'r*, 378 F.3d 541, 544 (6th Cir. 2004) (citing Social Security Ruling (SSR) 96-2p).)  Magistrate Judge Majzoub's R&R thoroughly analyzes the ALJ's decision and carefully demonstrates that the ALJ did, in fact, consider the medical opinions Plaintiff claims were not given proper weight.  Further, the R&R details the reasons provided by the ALJ for not according these opinions controlling weight.

7

The Court finds no error in the ALJ's or Magistrate Judge Majzoub's analysis of Dr. Tadeo and Nurse Practioner Sweet's opinion.[6]  Although the reports submitted by these sources make Plaintiff's mental work-related limitations out to be more serious than the ALJ ultimately determined, the ALJ acknowledged the evidence but gave it little weight due to his belief that the opinions contained therein lacked a foundation, were internally inconsistent, failed to account for the treatment notes recounting Plaintiff's improvement when on a regular medication regimen, and were generally inconsistent with the other record evidence.  (ECF No. 10-2 at Pg ID 72.)  The Court finds substantial support in the record for this finding, both in Nurse Practitioner Sweet's records and the other record evidence regarding Plaintiff's work and treatment history.  Contrary to Plaintiff's assertions, the ALJ was not displacing the findings of Dr. Tadeo and Nurse Practitioner Sweet with his own judgment, rather, he was considering these opinions in light of all the medical evidence submitted.

---

[6] As both the ALJ and Magistrate Judge Majzoub point out, the opinion Plaintiff refers to as Dr. Tadeo's is likely that of Nurse Practitioner Sweet.  The record is devoid of any evidence that Dr. Tadeo had any contact with Plaintiff since examining Plaintiff in July 2009.  While Dr. Tadeo may have supervised Sweet in some respects, there are no examination reports or medication reviews signed by Dr. Tadeo since July 2009.  (ECF 10-2 at Pg ID 71.)  Accordingly, Dr. Tadeo is not a "treating physician."  Furthermore, Nurse Practitioner Sweet, though certainly more familiar with Plaintiff given his extensive treatment relationship with her, is not an acceptable medical source.  *See* 20 C.F.R. § 404.1513.  While Sweet's relationship with Plaintiff is certainly entitled to consideration, the ALJ considered Sweet's opinions and permissibly declined to give them controlling weight under the treating physician rule.

With respect to Dr. Brady, Plaintiff asserts that the proper weight was not given to his opinion.  As the ALJ noted, however, Dr. Brady's opinion was generally consistent with the ALJ's RFC determination.  The ALJ noted that he gave significant weight to this consultative examiner except for his conclusion that Plaintiff would have "marked" difficulties with regard to interacting appropriately with supervisors, which the ALJ found inconsistent with the objective evidence. (ECF No. 10-2 at Pg ID 71.)  The ALJ rejected this finding on the basis that it appeared to be based on Plaintiff's own subjective reports regarding anger and aggression.  (*Id.*)  Plaintiff objects to this on the basis that the ALJ does not provide evidence that Dr. Brady's conclusion was based purely on Plaintiff's self-reported subjective symptoms.  (Pl.'s Obj. 4.)  The Court does not find error with the ALJ's finding as the ALJ explained that Dr. Brady "indicated that the claimant was 'angry and irritable' in his RFC assessment: however, the claimant was appropriate during that examination and displayed no obvious aggressiveness." (ECF No. 10-2 at Pg ID 71.)  Accordingly, it is unclear what formed the basis of Dr. Brady's conclusion and it cannot be said that the ALJ's finding is unsupported by the objective medical evidence.  Furthermore, to the extent Plaintiff suggests that Dr. Brady's opinion should be given greater weight, this suggestion is erroneous as the opinions of state agency psychological consultants such as Dr.

9

Brady are reviewed in the same manner as the opinions of nonexamining

psychologists and are not given controlling weight.  20 C.F.R. § 404.1527(e).

Having found substantial record evidence to support the conclusion of the

ALJ, the Court rejects Plaintiff's first objection to the R&R.

Objection #2:

Plaintiff's second objection involves the ALJ's purported failure to create an

accurate RFC assessment.  Plaintiff contends that Magistrate Judge Majzoub

"failed to discuss Plaintiff's assertion of error with the ALJ's RFC findings."  (P;.'s

Obj. 5.)  This, however, is not the case.  The R&R specifically provides:

> Plaintiff also asserts that the ALJ "failed to created and (sic) accurate
> [RFC] assessment that incorporated all of Plaintiff's impairments,"
> but the ALJ is only required to incorporate in a claimant's RFC (and
> the hypothetical questions to the VE) those limitations that the ALJ
> finds credible and supported by the record.  *See Casey v. Sec'y of
> Health and Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993).
> Here, the ALJ included in Plaintiff's RFC those limitations that the
> ALJ found credible.  Thus, in substance, Plaintiff's assertion that the
> RFC is inaccurate is merely a collateral attack on the ALJ's
> interpretation of the evidence, which is addressed by Plaintiff's
> primary argument.

(R&R 10 n.1.)

The Court agrees with Magistrate Judge Majzoub's conclusion but takes this

opportunity to note that the ALJ rejected Plaintiff's assertions that she lacked the

ability to concentrate and focus and that she feared she would physically harm

others in engaging in the RFC analysis on the basis that these assertions were not

10

credible.  (ECF No. 10-2 at Pg ID 70-71.)  This Court is not to "decide questions of credibility[] or substitute its judgment for that of the ALJ."  *Reynolds*, 424 F. App'x at 414 (citation omitted).

Upon reviewing the record, the Court finds substantial evidence to support the ALJ's finding that recent evaluations of Plaintiff do not support limitations related to her inability to control her anger greater than provided in his RFC.  First, the ALJ noted that although Plaintiff reported losing her last job as a security guard due to anger issues, this report conflicted with Plaintiff's reports that her work was decreased due to the seasonal nature of her employment.  (*Id.* at 68.)  Second, the ALJ pointed out that Plaintiff's aggressiveness and anger diminished considerably when she regularly took her medications.  (*Id.*)  Lastly, with respect to Plaintiff's claims regarding her inability to concentrate and focus, the ALJ reasonably considered Plaintiff's stated activities of daily living in evaluating her credibility, and along with the entire record, her RFC.  *See* 20 C.F.R. § 404.1529(c)(3)(i).

The Court finds no errors with respect to the ALJ's RFC determination or with how Magistrate Judge Majzoub handled this issue.  Accordingly, the Court rejects Plaintiff's second objection to the R&R.

## **SUMMARY**

The Court concludes that there was substantial evidence in the record to support the ALJ's evaluation of Plaintiff's impairments.  The Court therefore

11

adopts Magistrate Judge Majzoub's recommendation to deny Plaintiff's Motion for Summary Judgment and to grant the Commissioner's Motion for Summary Judgment, and affirms the decision of the Commissioner finding that Plaintiff is not disabled within the meaning of the Social Security Act.

Accordingly,

**IT IS ORDERED**, that Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 21) is **GRANTED.**

Dated: December 16, 2013

<u>s/PATRICK J. DUGGAN</u>
UNITED STATES DISTRICT JUDGE

Copies to:

**Kelie C. Schneider, Esq.**
**William W. Watkinson , Jr., Esq.**
**Frederick J. Daley , Jr., Esq.**
**Allen Duarte, Esq.**
**Judith E. Levy, AUSA**
**Meghan O'Callaghan, Esq.**
**Magistrate Judge Mona K. Majzoub**